THE ILLINOIS BUILDING AND LOAN ASSOCIATION

*v.*

THE PEOPLE *ex rel.* David Gore, Auditor.

*Opinion filed June 18, 1898.*

LOAN ASSOCIATIONS—*receivers—Auditor's conclusion as to status of association determines jurisdiction of court.* The Auditor of Public Accounts determines, as a step preliminary to a bill for a receiver, whether a loan association is guilty of illegal practices or is insolvent; and where the bill alleges the giving of proper notices to correct illegal practices, failure to comply therewith and consequent insolvency, the court has jurisdiction to entertain the bill, although the Attorney General may have given an opinion sustaining the validity of the by-law which the Auditor deemed invalid and on which he based his conclusions as to the illegal practices.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. ALFRED SAMPLE, Judge, presiding.

TIPTON & TIPTON, for plaintiff in error.

EDWARD C. AKIN, Attorney General, and KERRICK & BRACKEN, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a proceeding by the Attorney General, on the relation of the Auditor of Public Accounts, by information filed to the September term, 1894, of the McLean circuit court, against the respondent, the Illinois Building and Loan Association. It appears from the information that on May 28, 1894, after an investigation of the affairs of the association by the Auditor, a notice was transmitted by him to the president and secretary of the association, requesting them to correct certain illegal practices therein specified, and stating that the assets of the association were insufficient to justify a continuance of business by it; that on August 1, 1894, a second report was made to the Auditor by the building and loan inspectors, which still showed that the assets of the

association were insufficient to justify a continuance of business.   By an amendment to the information it was further alleged that on October 6, 1894, the association filed a bill in the McLean circuit court against one Parkhurst and other stockholders, alleging that by reason of the action on the part of the Auditor of State its business had been crippled and its assets and income impaired, and praying that a receiver be appointed to take charge of the business, and that from reports to be rendered by him to the court it be determined whether the business should be carried on permanently, and if it be found the association could not continue in business, that it be dissolved under the direction of the court; that thereupon a receiver was appointed; that such appointment and procedure were without authority of law; that the proper person to wind up the affairs of the association is the Attorney General.   The prayer of the information is that a new receiver be appointed and the assets collected and distributed by direction of the court.   Respondent filed an answer admitting the facts alleged but denying that relator was entitled to the relief prayed. It was thereafter ordered that the cause be consolidated with that of the association against Parkhurst *et al.* The cause was heard on the amended bill and answer, and a decree entered and a receiver appointed as prayed.   The association prosecutes this writ of error.

Plaintiff in error insists that the trial court was without jurisdiction under the facts alleged in the information. In addition to the foregoing facts the bill sets up that upon the Auditor receiving the last mentioned report of the condition of the association he brought the matter to the attention of the Attorney General; that the latter examined into the facts and rendered to the Auditor an opinion, in which he held that a certain by-law which had been regarded invalid by the Auditor was legal, and that the Auditor had erred in reporting the association insolvent.   The contention of plaintiff in error is based

on the theory that the holding of the Attorney General on the question of the validity of the by-law was conclusive upon the Auditor; that the notices to the association given by the Auditor and based upon his erroneous conclusion were invalid, and hence no proper action was taken by the Auditor to give the Attorney General authority to institute this proceeding.

The only fact to be determined is, whether the matters alleged in the information are sufficient to give the court jurisdiction.    There is no attempt made to show that the association is solvent, nor to show that the Auditor of Public Accounts has misconceived the law in his report of the insolvency of the association.    Whether the Attorney General correctly construed the law in arriving at his conclusion is not in issue here.    The statute casts upon the Auditor the duty of determining, as a preliminary question, when a building and loan association is conducting its business contrary to law or is insolvent.    The correctness of his conclusion as to these matters could not be decided by the Attorney General.    The latter might, perhaps, if he had been willing to take the responsibility, have refused to comply with the request of the Auditor to file the information; but if he had done so, all that part of this information setting up the controversy between the Auditor and Attorney General would be treated as surplusage.    Whether the Auditor correctly interpreted the law then became a matter to be decided by the court on a proper answer.    The material facts set forth in the information are that the proper notices were given by the Auditor and that the association is insolvent, and these allegations are admitted to be true by the answer.    The Auditor is thus shown to have taken the requisite preliminary steps required by sections 16 and 17 of the act relating to building associations, to justify him in requesting the Attorney General to file the information. Furthermore, the amended bill shows that the association itself had taken steps to wind up its affairs, alleging

its insolvency, and the record shows that cause and the one by the Attorney General were consolidated, no objection appearing to have been made by the association. That the court had jurisdiction of the corporation and subject matter of the litigation seems to us to admit of no doubt.    That the association is hopelessly insolvent is admitted by all parties.    No complaint is made as to the regularity of the proceedings below in preserving its assets for the benefit of those interested in them.

We find no reversible error in the record.  The decree of the circuit court will be affirmed.

*Decree affirmed.*